UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NANCY SCHAEDLER-MOORE,

Plaintiff,

v.

UNITED STATES OF AMERICA,,

Defendant.

Case No.:  3:25-CV-3034-W-AHG

**ORDER GRANTING MOTION TO FILE LIMITED MEDICAL VERIFICATION UNDER SEAL**

**[Doc. 22]**

Before the Court is Plaintiff's Non-Ex Parte Motion to File Limited Medical Verification Under Seal, pursuant to CivLR 79.2, filed electronically on March 19, 2026. (*Mot. to Seal* [Doc. 22].)  Plaintiff requests the Court order sealed a declaration by Schaedler-Moore and two exhibits to the publicly available motion, S1 (one page) and S2 (two pages) and leave the motion unsealed on the docket. (*Id*. at 1.)  The declaration and two exhibits contain private medical information of Plaintiff Schaedler-Moore.  As of June 25, 2026, the Government has not responded.  The Government's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, which raises a sovereign immunity defense, was filed before this motion to seal and remains pending. (*See* Doc. 18.)

//

1

## I.    LEGAL STANDARD

The public has a right to inspect and copy public judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 567 (1978).  Although the right is not absolute, there is a "strong presumption in favor of access to court records."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), cert. denied sub nom. *FCA U.S. LLC v. Ctr. for Auto Safety*, 580 U.S. 815 (2016) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  As the party moving to seal a judicial record, Plaintiff "bears the burden of overcoming this strong presumption[.]"  *Ctr. for Auto Safety*, 809 F.3d at 1096.  A court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture."  *Id*. at 1096–97 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order."  *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

## II.    ANALYSIS

Plaintiff argues that compelling reasons support her request for sealing because the request is narrowly tailored to her declaration and private medical information.  (*Mot. to Seal* at 3.)  Plaintiff also argues that the purpose of the medical records—her experiences of disability-related communication and processing limitations—may be publicly available, and that she only seeks to protect the underlying private medical verifications of that information.  (*Id*.)  Plaintiff also argues that her medical records should be protected from public disclosure because "public filings have challenged or minimized [her] disability-related limitations by pointing to the volume of her filings."  (*Id*.)

Having reviewed the moving papers, the declaration, and exhibits S1 and S2, the Court concludes that Plaintiff demonstrated compelling reasons to support the sealing of these narrowly tailored documents regarding her personal medical information.  The

Court's conclusion rests in large part on the fact that the declaration and exhibits, filed by a pro se litigant, do not in any way address or respond to the merits of this case or to any of Plaintiff's arguments or causes of action or Defendant's defenses or arguments. As Plaintiff says, these exhibits are only relevant to "whether [her] communication, organization, processing speed, task-switching, and error recovery are materially impaired under extreme time pressure and threat of irreparable loss." (*Id.*) Resolving that question is not before the Court at this time. For these reasons, the Court finds that Plaintiff's interests in the privacy of the minimal medical record information from her declaration and exhibits S1 and S2 outweigh the public's interest in access to the Court's records.

### III.   CONCLUSION AND ORDER

For the reasons stated above, the Court **GRANTS** Schaedler-Moore's renewed administrative motion to file limited medical verification under seal. (Doc. 22.) The Court **ORDERS** the Clerk of Court to seal Schaedler-Moore's declaration and exhibits S1 and S2, attached to the motion. This Order shall not be sealed.

IT IS SO ORDERED.

Dated:  June 25, 2026

Hon. Thomas J. Whelan
United States District Judge

3