UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY SCHAEDLER-MOORE,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No.: 3:25-CV-3034-W-AHG<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR CONSOLIDATED CONSIDERATION; GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM; DENYING LEAVE TO AMEND AS FUTILE**<br><br>**[Docs. 17, 18, 27]** |

According to Plaintiff Schaedler-Moore, this case "is an independent action under Fed. R. Civ. P. 60(d)(1) to relieve Plaintiff from orders entered in 3:03-CV-00551-W-RBB [] that are being used to foreclose on her home in 3:24-CV-00978-W-AHG []." (*Compl't* [Doc. 1] at 1.) Currently before the Court is Defendant United States of America's motion to dismiss the complaint for lack of subject matter jurisdiction or sovereign immunity, or for failure to state a claim upon which relief may be granted.

Fed. R. Civ. P. 12(b)(1), (b)(6). (*Mot*. [Doc. 18].) Plaintiff, who proceeds pro se, opposed. (*Oppo*. [Doc. 26].)

Plaintiff also filed an ex parte application requesting leave to file an amended complaint or alternatively for amendment to be considered concurrently with the Government's motion to dismiss and also requesting shortened time. (*Ex Parte Amend* [Doc. 27].) The United States opposed Plaintiff's ex parte application for relief. (*Oppo. Amend* [Doc. 28].) Plaintiff replied in support of her request for leave to amend or for concurrent consideration. (*Reply Amend* [Doc. 29].) The United States replied in support of its motion to dismiss. (*Reply* [Doc. 30].)[1]

The Court decides the matters on the papers submitted and without oral argument pursuant to Civ.L.R. 7.1(d)(1). The Court grants, in relevant part, Plaintiff's ex parte application for concurrent consideration of the Government's motion to dismiss. (Doc. 27.) For the following reasons, the Court grants the Government's motion to dismiss. (Doc. 18.) Because amendment would be futile, the Court denies Plaintiff leave to amend and denies in relevant part her ex parte application for leave to file a Proposed First Amended Complaint. (Doc. 27.)

//

//

---

[1] Not properly before the Court, but lodged on the docket, are: Plaintiff's Supplemental Notice And Lodgment In Support of Pending April 14, 2026 Motion for Leave to Amend; Notice of Revised Proposed First Amended Complaint (Doc. 34); Plaintiff's Revised Proposed First Amended Complaint (Doc. 34-1); and Plaintiff's Comparison of the Operative Complaint and the Revised Proposed First Amended Complaint (34-2). Rule 15(a)(2) governs the amendments of pleadings not filed as a matter of course: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given "when justice requires." Fed. R. Civ. P. 15(a)(2); Civ.L.R. 15.1(a), (b) (requiring motion for leave to amend, to which proposed pleading is attached). Plaintiff did not seek leave of Court to file a "Revised Proposed First Amended Complaint." For that reason, it is not properly before the Court. Here, leave to amend the operative pleading is denied after review of the proposed pleading that was properly attached to the application for leave to amend. Neither does Plaintiff comply with Rule 15(d) which permits supplemental pleadings but requires a motion requesting that relief. Fed. R. Civ. P. 15(d).

# I. BACKGROUND AND OPERATIVE PLEADING

The disputes between these parties are familiar to the Court.[2] The parties disagree about prior orders and judgments of this Court in related cases (whether they are correct and the scope of their effects), and about the legal effect of federal tax lien notices ("NFTLs") recorded in the County of San Diego against real property currently owned by Nancy Schaedler-Moore (the "Property"). A brief background follows, and readers are also directed to the Court's Order denying post-judgment relief in *United States v. Schaedler-Moore*, No. 24-CV-978-W, (S.D. Cal. 2024). (*Post-Judgm't Order* [Doc. 205] in 24-CV-978].)

## A. The Tax Liability Case Filed by the United States

In 2003, the United States sued the now deceased taxpayer, Robert Scharringhausen, to reduce to judgment his federal income tax liabilities and penalties. *United States v. Scharringhausen*, No. 3:03-CV-551-W-MPP (S.D. Cal. Mar. 20, 2003) (the "Tax Liability Case" or the "551 Case.") Schaedler-Moore was not a party to this case. The Government obtained a default judgment for $488,307.96, plus interest, against the taxpayer. (*See Default Judg't* [Doc. 17] in 03-CV-551.) On May 17, 2007, the Ninth Circuit affirmed the judgment. (*See USCA Judg't* [Doc. 92] in 03-CV-551.)

As a result of the tax assessments, a lien arose against "all property and rights to property whether real or personal, belonging to" Scharringhausen. 26 U.S.C. § 6321. For thirty years, from 1993 through February 10, 2023, the IRS recorded notices of federal tax liens ("NFTLs") with the San Diego County Recorder's office related to Scharringhausen's tax assessments. In the instant motion, the Government argues that

[2] On its own motion, the Court takes judicial notice of the filings in related cases, *United States v. Scharringhausen*, No. 3:03-CV-551-W (S.D. Cal. 2003), and *United States v. Schaedler-Moore*, No. 3:24-CV-978-W (S.D. Cal. 2024). Fed. R. Evid. 201(d).

the purpose of those NFTLs was to "ensure notice was provided to other creditors under 26 U.S.C. § 6323." (*Mot.* at 3.)

Two decades after its complaint in the Tax Liability Case, in 2023, the Government filed a motion to reopen the case, to substitute the estate of Scharringhausen (whom the Government learned had passed away in 2020) as the proper party, and to renew the judgment. (*Mot. to Renew Judg't* [Doc. 93] at 2:2–8, 4:11–13 in 03-CV-551.) On October 30, 2023, this Court granted the Government's unopposed motion. (*Order Renewing Judg't* [Doc. 94] in 03-CV-551.)

The Tax Liability case is currently on appeal. *United States v. Schaedler-Moore*, No. 26-1659, (9th Cir. Mar. 19, 2026) (appeal from 3:03-CV-551-W-MMP). Despite not being a party to the case, Schaedler-Moore filed the notice of appeal.

### B. The Foreclosure Case Filed by the United States

In a later-filed case, the United States of America sought to foreclose the Property subject to 26 U.S.C. §§ 7401, 7403. *United States v. Schaedler-Moore et al.*, No. 03:24-CV-978-W-AHG (S.D. Cal. Jun 4, 2024) (the "Foreclosure Case" or the "978 Case"). (*See Compl.* [Doc. 1] in 24-CV-978.) The United States named multiple defendants, including Nancy Schaedler-Moore, who might have claimed an interest in the Property, pursuant to 26 U.S.C. § 7403(b). (*Id.*)

Earlier, Scharringhausen had purchased the subject Property, and in 2009, he invited Plaintiff Nancy Schaedler-Moore to rent the Property as her residence. (*Jt. Stmt. Facts* [Doc. 75] ¶ 6 in 24-CV-978; *see also Schaedler-Moore Counterclaim* [Doc. 6] in 24-CV-978.) When Schaedler-Moore learned that Scharringhausen was behind on the mortgage payments and the Property was in foreclosure, she started making the payments and refinanced the loan. (*Id.* ¶¶ 7–8, 17 in 24-CV-978.) Subsequently, in 2012, quitclaim deeds purporting to transfer the Property to Schaedler-Moore were recorded with the San Diego Recorder's Office. (*Id.*) The Property remains Schaedler-Moore's "primary residence and home." (*Def. Decl.* [Doc. 193-1] ¶ 2 in 24-CV-978.) In 2021,

Schaedler-Moore attempted to sell the Property, but the transaction did not close because of clouded title. (*Id.* ¶ 10.)

In the Foreclosure Case, Schaedler-Moore filed an Answer and Counterclaim seeking to quiet title, under 28 U.S.C. §§ 2409(a), 2410, against the United States and all defendants and to invalidate the federal tax liens. (*Schaedler-Moore Counterclaim* [Doc. 6] ¶¶ 22, 54–60 in 24-CV-978.) In her quiet title claim, Schaedler-Moore challenged the Government's interest in the liens and alleged that the liens wrongfully clouded title and deprived her as rightful owner of full use and benefits of the Property. (*Id.* ¶¶ 56–59.) The Government prevailed on its motion for judgment on the pleadings because Schaedler-Moore's counterclaims, including the counterclaim to quiet title, 28 U.S.C. § 2410, failed as a matter of law. (*See 12(c) Order* [Doc. 37] at 8, in 24-CV-978.) There, the Court determined that the federal tax liens attached to the Property before Schaedler-Moore acquired it and that, at a minimum, she had record notice of the tax liens on the Property. (*Id.* at 3–8, in 24-CV-978.) The Court later granted summary judgment for the United States, concluding that it was entitled to foreclose its federal tax liens against the Property. (*Foreclosure Order and Judgment* [Docs. 78, 79] in 24-CV-978.)

After entry of judgment in the Foreclosure Case, Schaedler-Moore filed multiple motions and an appeal. The Order denying amendment of judgment and other post-judgment relief sets forth in detail the substantial process Schaedler-Moore exercised in that case and the Tax Liability Case, including the denial of Schaedler-Moore's Rule 60(b)(4) arguments that she had been denied due process by deprivation of notice or the opportunity to be heard. (*Post-Judgm't Order* at 19–25, in 24-CV-978.) Schaedler-Moore's appeal from the Foreclosure Case is before the U.S. Court of Appeals for the Ninth Circuit. *United States v. Schaedler-Moore*, No. 25-6573 (9th Cir. Oct. 17, 2025) (appeal from 24-CV-978-W-AHG).

//

//

**C. Plaintiff's Filings Relating the Tax Liability Case to the Foreclosure Case**

After the Foreclosure Case was filed, Schaedler-Moore filed, on April 16, 2025, a motion to electronically file documents in the Tax Liability Case. In that motion, Schaedler-Moore identified herself as a "Third-Party Movant (Pro Se)," and she also selected the form's box representing that she was the Defendant proceeding pro se. Because she was not, in fact, a party to that case, the Court rejected the filing and ordered: "Nancy Schaedler-Moore, a civil defendant in a related case (24-CV-978), filed a motion for leave to e-file documents in this case. However, she is not a party to this case. Therefore, her request to file documents will be denied and struck from the docket." (*EFile Order* [Doc. 97] at 1 in 03-CV-551.) At this time, litigation continued in the Foreclosure Case.

In February of 2026, Schaedler-Moore moved in the Tax Liability Case for leave to intervene as a non-party for the limited purpose of vacating a void post-judgment renewal order pursuant to Federal Rule of Civil Procedure 60, (Doc. 102 in 03-CV-551), and for leave to file a notice of related cases, (Doc. 101 in 03-CV-551). The Court denied both motions. (Doc. 103 in 03-CV-551.) Schaedler-Moore filed a notice of appeal in the Tax Liability Case, (Doc. 104 in 03-CV-551), as well as motion for stay pending appeal, (Doc. 105 in 03-CV-551), a motion to proceed in forma pauperis, (Doc. 104 in 03-CV-551), and a motion to electronically file documents, (Doc. 110 in 03-CV-551). The Court denied all but the request for leave to file electronically. (Docs. 111, 114, 115 in 03-CV-551.) As stated above, Schaedler-Moore's appeal of the Tax Liability Case remains pending.

**D. "Independent Rule 60 Action" in this Case**

On November 5, 2025, Schaedler-Moore initiated the instant case against the United States as the sole Defendant by filing her "Complaint for Independent Action Under Fed. R. Civ. P. 60(d)(1)." (*Compl't* at 1.) She seeks "to relieve Plaintiff from orders entered" in the Tax Liability Case "that are being used to foreclose on her home in

[the Foreclosure Case]." (*Compl't* ¶ 1.) She alleges "[j]urisdiction exists under 28 U.S.C. §§ 1331, 1340, 1345." (*Id.* ¶ 2.) She alleges as the Property's homeowner that her "property interests are being impaired by enforcement of renewed 2003 judgment/abstract proceedings from [the Tax Liability Case]." (*Id.* ¶ 3.)

Schaedler-Moore complains that she was "given no meaningful opportunity to be heard" in the Tax Liability Case, (*id.* ¶ 6), her filings were removed or struck from that case because "she was 'not a party', leaving her with no avenue to challenge orders directly impacting her property, (*id.* ¶ 7), she was mislabeled on the Court's CM/ECF docket as "terminated" and this label "limit[ed] her ability to be heard, (*id.* ¶ 8), and that "no adequate remedy exists other than this independent action under Rule 60(d)(1)," (*id.* ¶ 9). These arguments, except the last regarding this "Independent Rule 60(d)(1) Action," were addressed and denied in the Order denying post-judgment relief in the Foreclosure Case. (*Post-Judgment Order* in 24-CV-978.) In addition, the Complaint does not allege any facts that connect the actions of the United States (or its failure to act) to the injuries listed above, other than disagreement with the United States Court's orders or judgments. Plaintiff's allegations are challenges to Court orders and judgments, or the legal effect of them, rather than allegations identifying an obligation that the United States had to her which it violated or any facts that support such a theory.

The Complaint is silent as to any conceivable causes of action grounded in violations of Plaintiff's Constitutional rights, with one exception. Under "Grounds for Relief," Plaintiff adds a sub-header, "Voidness and Due Process." (*Compl't* at 3.) Under that sub-heading, the full allegations state: "The 0551 [Tax Liability Case] Renewal/Abstract Orders are void as applied to Plaintiff because they were obtained and enforced without notice or an opportunity to be heard to the homeowner whose property is being seized downstream in 0978 [the Foreclosure Case]. Orders enforced against a person denied due process are void as to that person." (*Id.* ¶ 10.) There are no factual allegations that identify what requisite notice was not provided to Plaintiff in the Tax Liability Case. There is no dispute that she was not a party to that case, that her motion

to intervene was denied, or that she was not a taxpayer against whom the case was brought. There are no factual allegations to identify what process was due to Plaintiff in the Foreclosure Case or the Tax Liability Case that she was wrongfully denied. (*Id.*)

Also, Plaintiff alleges a defect in substitution based on the United States of America's request to substitute "a non-existent 'Estate' in 0551" that now threatens the Property. (*Id.* ¶ 11.) She alleges that the Foreclosure Case is clouded with the Government's theory there that "liens 'remain attached' from a one-day 2008 title episode involving the deceased taxpayer, [Scharringhausen]." (*Id.* ¶ 12.)

Plaintiff alleges extraordinary circumstances exist because her "filings were struck/gagged in [the Tax Liability Case] and she is limited in [the Foreclosure Case] despite timely post-judgment motions; and enforcement proceeds based on the 0551 Renewal/Abstract Orders obtained after the taxpayer's death and without a proper party, all now deployed against a non-debtor homeowner." (*Compl't* ¶ 13.)

Schaedler-Moore prays the Court "set aside the October 30, 2023 orders in [the Tax Liability Case] as to Plaintiff under Fed. R. Civ. P. 60(d)(1);" "release/expunge the November 29, 2023 Abstract of Judgment to the extent it is invoked or enforced against Plaintiff or her property;" "enjoin the United States from relying upon or enforcing [the Tax Liability Case] renewal/substitution/abstract against Plaintiff or her property in [the Foreclosure Case] while this action is pending;" and other relief as just and proper. (*Compl't* at 4.)

The Government argues the case must be dismissed for lack of subject matter jurisdiction, on grounds of sovereign immunity, and for failure to state a claim. Plaintiff argues her claims are adequately pleaded and asks for leave to amend. Plaintiff also submits her Proposed First Amended Complaint, which adds an invocation of 28 U.S.C. § 2410, against the United States to quiet title, just as she counterclaimed in the Foreclosure Case, under 28 U.S.C. § 2410. (*12(c) Order* ¶¶ 22, 54–60 in 24-CV-978.) The Government requests the Court deny leave to amend on grounds of futility and res judicata.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1) Challenge to Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Limited jurisdiction means that federal courts can only adjudicate cases that both the Constitution and Congress authorize them to adjudicate, such as those involving diversity of citizenship, a federal question, or where the United States is a party. *Id.* Federal courts presumptively lack jurisdiction over civil actions, and the party asserting jurisdiction bears the burden of demonstrating it. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) permits a defendant to seek dismissal of a complaint for lack of subject matter jurisdiction.

To establish federal question jurisdiction, the claims alleged must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A suit only arises under the laws of the United States when the plaintiff's "well pleaded" statement of his own cause of action shows that it is based upon those laws. *Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "It must be clear from the face of plaintiff's well-pleaded complaint that there is a federal question." *Swipe & Bite, Inc. v. Chow*, 147 F. Supp. 3d 924, 929 (N.D. Cal. 2015) (quoting *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 2010)).

A cause of action arises under federal law when "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." 28 U.S.C. § 1331; *Armstrong v. Northern Mariana Islands*, 576 F.3d 950, 954–55 (9th Cir. 2009); *Stillaguamish Tribe of Indians v. Washington*, 913 F.3d 1116, 1118 (9th Cir. 2019) (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). This test requires that the federal claim be presented on the "face of the complaint," not in subsequent documents submitted on the matter. *Pan Am. Corp. v. Superior Court*, 366 U.S. 656, 663

(1961). "If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citation omitted).

Without subject matter jurisdiction, a court may not act other than to dismiss the case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**B. Sovereign Immunity**

While the issue of sovereign immunity is not a purely jurisdictional issue, it is "quasi jurisdictional," and a "Rule 12(b)(1) [motion] is still the proper vehicle for invoking sovereign immunity from suit." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015); *see Tobar v. United States*, 639 F.3d 1191, 1194 (9th Cir. 2011). When a district court reviews a Rule 12(b)(1) challenge based on sovereign immunity, the court must start with the presumption that the United States is immune from suit, and it is Plaintiff's burden to show that the United States has expressly consented to be sued in this way. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Shalaby v. Johnston*, 2023 WL 3047051, at *2, 2023 U.S. Dist. LEXIS 70184 (N.D. Cal. Apr. 21, 2023). Plaintiff bears the burden to demonstrate that the United States unambiguously waived sovereign immunity. *See Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).

**C. Rule 12(b)(6) Challenge to Sufficiency of the Claims**

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must provide "more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above

the speculative level." *Id.* A court must assume all facts alleged in a complaint are true and view them in the light most favorable to the nonmoving party, but it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). Also, the complaint must set forth a plausible claim for relief, not a possible one. *Id.* A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## III. DISCUSSION

At the outset, the Court grants Schaedler-Moore's request that the motion to dismiss and request for leave to amend be considered concurrently. (Doc. 27.)

### A. Subject Matter Jurisdiction Is Not Provided by the Federal Rules

The Court must grant in relevant part the Government's motion to dismiss for lack of subject matter jurisdiction to the extent the Complaint grounds subject matter jurisdiction on Federal Rule of Civil Procedure 60(d)(1) for two reasons. First, Plaintiff concedes in her opposition that Rule 60(d)(1) does not alone create subject matter jurisdiction. (*Oppo*. at 3, ll. 20–23.) Second, the Federal Rules of Civil Procedure do not provide independent grounds for subject matter jurisdiction over a case. *Port Drum Co. v. Umphrey*, 852 F.2d 148, 149–50 (5th Cir. 1988); *Simon v. Bostic*, No. 24-CV-1665-CAB-MSB, 2024 WL 4941028, at *2, 2024 U.S. Dist. LEXIS, at *4 (S.D. Cal. Dec. 2, 2024). The Federal Rules "only implement the exercise of jurisdiction otherwise conferred by Congress and do not provide an independent basis for parties without any other jurisdictional grant to get into federal court in the first place." *Id.*; *see also Pineville Real Estate Operation Corp. v. Michael*, 32 F.3d 88, 90 (4th Cir. 1994) ("the

Rules are not ‘laws’ [and] they cannot be the basis for federal question jurisdiction[.]”); *Simon*, No. 24-CV-1665-CAB-MSB, 2024 WL 4941028, at *2, 2024 U.S. Dist. LEXIS, at *4.

Accordingly, the Federal Rules of Civil Procedure, including Rule 60, do not provide subject matter jurisdiction over Plaintiff’s complaint. On this point, the Court grants the Government’s Rule 12(b)(1) motion to dismiss.

### B. No Express Waiver of Sovereign Immunity and No Subject Matter Jurisdiction on the Face of a Well-Pleaded Complaint

It has long been understood that, as a default rule, the United States enjoys immunity from suit absent its consent. *E.g.*, *Alden v. Maine*, 527 U.S. 706, 712–13 (1999) (explaining the history of sovereign immunity and its relationship to the Eleventh Amendment). This presumption of sovereign immunity can only be overcome by Congressional waiver. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). “It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.” *Id.*

“An action can be brought by a party against the United States only to the extent that the Federal Government waives its sovereign immunity.” *Esquivel v. United States*, 21 F.4th 565, 572 (9th Cir. 2021). “Waivers of sovereign immunity are . . . ‘construed strictly in favor of the sovereign.’” *United Aeronautical Corp. v. United States Air Force*, 80 F.4th 1017, 1029 (9th Cir. 2023 (quoting *McGuire v. United States*, 550 F.3d 903, 912 (9th Cir. 2008)). The terms of the Government’s consent define the Court’s jurisdiction over the suit. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Mitchell*, 463 U.S. at 212. A waiver of sovereign immunity must be unambiguous, strictly construed in favor of the United States, and may not be expanded beyond the statutory language. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685–86 (1983); *Dalm*, 494 U.S. at 608. “[A] waiver of the Government’s sovereign immunity will be strictly construed in terms of its scope, in favor of the sovereign.” *Kelly v. United States*, No. 21-CV-367-WQH-MSB,

2021 WL 3419371, at *9, 2021 U.S. Dist. LEXIS 147166, at * (S.D. Cal. Aug. 5, 2021) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

Here, the United States challenges the Court's subject matter jurisdiction over Plaintiff's Complaint because the United States has not waived sovereign immunity and Plaintiff's "allegations contained in [the] complaint are insufficient on their face to invoke federal jurisdiction." (*Mot.* at 5–6 (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).)

On the face of the operative Complaint, Plaintiff relies on three statutes to establish subject matter jurisdiction and to identify a waiver of sovereign immunity, (1) 28 U.S.C. § 1331 ("district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"), (2) 28 U.S.C. § 1340 ("district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue. . . ."), and (3) 28 U.S.C. § 1345 ("district courts shall have original jurisdiction of all civil actions, suits, or proceedings *commenced by* the United States. . . ." (emphasis added)).

Subject matter jurisdiction over Plaintiff's complaint cannot be grounded in 28 U.S.C. § 1345 because the statute governs civil action "commenced by the United States." This is not a case commenced by the United States of America; Plaintiff Nancy Schaedler-Moore commenced this lawsuit. (*Compl't.*) Therefore, this statute cannot provide subject matter jurisdiction over her claims. 28 U.S.C. § 1345. To the extent the Complaint attempts to ground jurisdiction in 28 U.S.C. § 1345, the Court grants the motion to dismiss for lack of subject matter jurisdiction. Moreover, there is no argument from Plaintiff that section 1345 provides an unambiguous waiver of sovereign immunity, nor does the Complaint allege as much. (*Oppo.*; *Compl't.*)

Next, Plaintiff's reliance on 28 U.S.C. § 1340, for civil actions arising under federal tax statutes fails as a basis for subject matter jurisdiction or as a waiver of sovereign immunity. Section 1340 provides "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." The Complaint

identifies no federal statute or regulation upon which Schaedler-Moore brings a cause of action "arising under federal tax statutes." (*Compl't.*) The Complaint is simply silent on this point.

In addition to failing to provide subject matter jurisdiction, section 1340 also fails to waive sovereign immunity. *United States v. Park Place Assocs.*, 563 F.3d 907, 924 (9th Cir. 2009) (quoting *Arford v. United States*, 934 F.2d 229, 231 (9th Cir. 1991)); *Kelly v. United States*, No. 21-CV-367-WQH-MSB, 2021 WL 3419371, at *4, 2021 U.S. Dist. LEXIS 147166, at *9 (S.D. Cal. Aug. 5, 2021) (holding no waiver of sovereign immunity under § 1340 for taxpayer's moot claim to enjoin the IRS from conducting a secondary examination). To the extent the motion seeks dismissal of the Complaint for lack of subject matter jurisdiction or failure to show an unambiguous waiver of sovereign immunity grounded on 28 U.S.C. § 1340, the motion is granted.

Third and finally, subject matter jurisdiction exists if the Plaintiff's claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Government argues that, here, the federal question statute cannot provide jurisdiction because under the well-pleaded complaint rule, the federal question must be presented on the face of a properly pleaded complaint as provided by Federal Rule of Civil Procedure 8, and it is not. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) ("federal question jurisdiction is governed by the 'well-pleaded complaint rule.'"). Under this test, the Government's Rule 12(b)(6) motion dovetails into its subject matter jurisdiction challenge, and the Court will address the sufficiency of the Complaint's federal question allegations in the next section.

With respect to Plaintiff's burden to establish the waiver of sovereign immunity for her claims, the Complaint is silent. (*Compl't.*) In her opposition, Plaintiff argues that 28 U.S.C. § 2410 "supplies a limited waiver of sovereign immunity for an action affecting property on which the United States claims a lien." (*Id.* at 2, ll. 18–19.) Section 2410 allows the naming of the United States as "a party in any civil action [] to quiet title to, [] to foreclose a mortgage or other lien upon, [] real or personal property on which the

United States has or claims a mortgage or other lien." 28 U.S.C. § 2410. Section 2410 also provides conditions and pleading with particularity requirements for such a civil action and provides for the removal of the action to the appropriate federal district court. (*Id*. § 2410(a), (b); 28 U.S.C. § 1444.)

Plaintiff argues that § 2410 is a waiver of sovereign immunity, "not an independent grant of jurisdiction, and it permits procedural or property-affecting challenges to federal lien machinery, not a collateral attach on the merits of the underlying tax assessment." (*Oppo*. at 4.) She argues that procedural notice failures are "the types of lien-enforcement defects cognizable under § 2410" and that this is such a case. (*Id*.) Citing the specific pleading requirements of section 2410(b), Plaintiff requests leave to amend, as opposed to dismissal with prejudice, to the extent the Court determines the allegations insufficient. (*Id*. (citing 28 U.S.C. § 2410(b).) Plaintiff's argument based on section 2410 is fatally flawed because the Complaint fails to mention 28 U.S.C. § 2410 at all. (*Compl't*.) Accordingly, a cause of action arising under § 2410 cannot provide subject matter jurisdiction or an unambiguous waiver of sovereign immunity to Plaintiff's operative Complaint. Such a claim is simply absent from the Complaint. (*Compl't*.) Plaintiff's arguments in opposition to the motion do not amend the pleading. (*Oppo*. at 4.) As explained below in Section D.2, to the extent Plaintiff argues that her Proposed First Amended Complaint, rather than the operative Complaint, sets forth a sufficient claim for relief under § 2410, the Court disagrees. Also, her counterclaim against the United States to quiet title was denied in the Foreclosure Case that remains on appeal, where she is free to make her arguments that the quiet title counterclaim did not fail as a matter of law.

**C. Sufficiency of Plaintiff's Claims for Relief**

Finally, Plaintiff responds in opposition that her due process claim, which is extremely brief and general, is well pleaded and that, in combination with § 1331, provides subject matter jurisdiction and a waiver of sovereign immunity. (*Oppo*. at 4–5.)

To serve as such a basis, however, the due process claim must be sufficiently alleged on the face of the Complaint. It is not.

The Complaint does not allege any legal authority for a due process claim such as Plaintiff describes and does not allege facts, beyond those purely speculative, that Plaintiff suffered a violation of due process rights as a result of the Government's actions or failure to act. It is not certain from the allegations that Plaintiff alleges a substantive or procedural due process claim, but either way, the claim must be dismissed under Rule 12(b)(6).

To state a procedural due process claim, Plaintiff must allege facts supporting "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). Plaintiff alleges that her property interests are threatened or harmed by the Court's judgment for the United States in the Foreclosure Case, but has not set forth any facts to support that the United States acted or failed to act in such a way to deny her adequate procedural protections. *See id.* To the extent she attempts to allege a procedural due process claim, that claim is dismissed.

To the extent Plaintiff is attempting to allege a substantive due process claim, she must set forth facts showing (1) the government deprived her of life, liberty, or property, *Cancino Castellar v. McAleenan*, 388 F. Supp. 3d 1218, 1230 (S.D. Cal. 2019) (quoting *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 948 (9th Cir. 2004), and (2) that the alleged deprivation "'shock[s] the conscience and offend[s] the community's sense of fair play and decency.'" *Gorney v. Veterans Admin.*, No. CV-18-00531-TUC-CKJ, 2020 U.S. Dist. LEXIS 168122, 2020 WL 5535757, at *6 (D. Ariz. Sept. 15, 2020) (quoting *Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1154 (9th Cir. 2012)). Plaintiff alleges generally the injuries or harm to her property interests that may arise in the event that the Government takes action on its judgment in the Foreclosure Case. She fails to allege, however, any facts to show a deprivation of her property by this Defendant or that the judgments for the United States in the earlier cases, assuming only for argument's sake

that those could constitute a deprivation of her property, meets the high bar required of substantive due process claims—that is, the deprivation shocks the conscience and offends the community's sense of fair play and decency. *See Gorney*, 2020 U.S. Dist. LEXIS 168122, 2020 WL 5535757, at *6; *Marsh*, 680 F.3d at 1154. Accordingly, to the extent Schaedler-Moore attempts to allege a substantive due process claim, that claim is dismissed under Rule 12(b)(6).

Schaedler-Moore's allegations are threadbare: the "0551 Renewal/Abstract Orders are void as applied to Plaintiff because they were obtained and enforced without notice or an opportunity to be heard to the homeowner whose property is being seized downstream in 0978. Orders against a person denied due process are void as to that person. (Ex. D, Ex. E.)" (*Compl't* ¶ 10.) These allegations provide no factual basis for a due process violation by Defendant United States. The allegations fail to connect the existence of the orders and judgments in the Tax Liability Case or the Foreclosure Case to conduct by the United States that she alleges violates her rights to due process. Plaintiff does not allege what notice or fair hearing the United States was obliged to give her or any facts supporting how it failed to do so; instead, Plaintiff's allegations of wrongdoing are directed at the Court's prior orders and judgments, issues currently on appeal in both earlier cases. Also, the exhibits Plaintiff identifies do not provide additional allegations to flesh out any constitutional due process claim.

Schaedler-Moore argues that her due process claim is plausibly alleged because, in her view, the Foreclosure Case, in which she was a party, depended upon conclusions reached in the Tax Liability Case, to which she was not a party, and therefore she lacked an opportunity to be heard. (*Oppo*. at 5.) Plaintiff's disagreement with the outcome of the cases is understandable, but as a matter of law does not render the allegations sufficient to create federal question jurisdiction over a cognizable due process claim against this Defendant. She fails to allege or argue the foundation of her right to be heard in the Tax Liability Case, and in no way do her allegations connect the alleged wrong to conduct or omissions by Defendant. (*Compl't*; *Proposed FAC*.) Plaintiff's challenges to

proceedings in the earlier cases were made in those cases, even where she was not a party. She identifies no legal theory or authority to support the collateral attack on orders in other cases that she attempts here. Without more, the simple header that states, "due process," and the bare recitation of "without notice or an opportunity to be heard" are insufficient to establish a cognizable due process claim over which the Court has subject matter jurisdiction.

For these reasons, the Government's motion to dismiss any attempt to state a due process claim here must be granted because the federal question is not apparent on the face of a well pleaded complaint, Fed. R. Civ. Pro. 12(b)(1), and the due process claim fails to state a claim upon which relief may be granted, *id.* 12(b)(6). The Court would, on its own, next address the propriety of leave to amend. Also, Plaintiff moves for leave to amend with an attached Proposed First Amended Complaint and requests amendment in her briefing.

### D. Amendment Is Liberally Granted But Is Futile Here

Plaintiff attached to her motion for leave to amend a proposed pleading styled "Proposed First Amended Complaint for Independent Action Under Fed. R. Civ. P. 60(d)(1)." (*Proposed FAC* [Doc. 27-3].) The proposed amended pleading also does not save this case from dismissal because Schaedler-Moore has not and cannot plausibly connect her requested relief, amendment or vacatur of orders or judgments in the earlier cases to prevent foreclosure of her property, to her liberally construed due process claim for lacking notice or an opportunity to be heard in the Tax Liability Case.

#### 1. Legal Standards

Federal Rule of Civil Procedure 15(a)(2) states that courts "should freely give leave [to amend] when justice so requires." However, leave to amend is properly denied when "it is clear . . . that the complaint could not be saved by any amendment." *Moss v.*

*U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009). "Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

In determining whether amendment should be permitted after dismissal, courts may consider the sufficiency of proposed allegations to evaluate if the proposed allegations are duplicative of existing claims, patently frivolous, or futile. *Gragossian v. Cardinal Health, Inc.*, No. 07-CV-1818-H-LSP, 2008 WL 2157004, at *1, 2008 U.S. Dist. LEXIS 41009, at *2–3 (S.D. Cal. May 21, 2008) (citing *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995), *superseded by statute on other grounds,* Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1226 (1996); *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 650-51 (9th Cir. 1984), *validity questioned on other grounds* in the wake of *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (no heightened pleading standard applied in an employment discrimination to allege the specific facts establishing a prima facie case)). *See also Sokolskyfilm, Inc. v. Lauren Messiah Inc.*, No. 2:25-CV-7884-RGK-MBK, 2026 WL 1911832 at *2, 2026 U.S. Dist. LEXIS 148649 at *4 (C.D. Cal. Jan. 26, 2026).

"The test for futility is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the *defendant is liable for the misconduct alleged*." *Id.* (emphasis added). Both Plaintiff's operative Complaint and Proposed Amended Complaint fail to meet this standard with respect to Defendant.

**2. The Proposed Amended Allegations Cannot Survive Dismissal**

In this unusual case with an atypical procedural background of several related cases over decades, multiple reasons weigh against amendment, even though the Court

views pro se pleadings with leniency and liberally grants leave to amend when appropriate. In this unusual instance, amendment is futile for multiple reasons. First, Plaintiff's operative Complaint and Proposed First Amended Complaint both fail to allege a due process claim sufficiently to withstand dismissal. Second, Plaintiff's proposed complaint attempts to relitigate claims, issues, and theories she previously raised and lost in the Tax Liability Case and the Foreclosure Case. Those earlier cases are both pending on appeal, and Plaintiff has not alleged any basis permitting her to raise this new description of the same challenges previously decided in the Government's favor in addition to her appeals. Third, Plaintiff's Proposed First Amended Complaint adds a new (to this case) statute as grounds for waiver of sovereign immunity, that is, 28 U.S.C. § 2410(a)(1), permitting a quiet title action against the United States in specific circumstances. (*Proposed FAC* [Doc. 27-3] ¶¶ 2.) However, the proposed pleading does not set out a cause of action to quiet title. (*Id.*) If it attempted to do so, it would be an improper effort to relitigate Plaintiff's quiet title cause from the Foreclosure Action that remains on appeal. (*See 12(c) Order* [Doc. 37] at 3–8, in 24-CV-978; *see also infra* n.2.) Instead, the Proposed allegations cite the quiet title statute as a waiver of sovereign immunity, while the claims alleged and the relief requested remain materially unchanged. Plaintiff seeks an amendment or vacatur of the orders and judgments in the other cases that led to the Government's judgment in the Foreclosure Case.

With respect to the sufficiency of the due process claim, Plaintiff has made no material change to the factual allegations underlying the "due process" header in the operative Complaint. And for the reasons explained above, the filing of that amended complaint would not cure the allegations' insufficiencies with respect to any due process claim against this Defendant. Plaintiff has alleged no wrong committed by the United States when stating a deprivation of her rights to notice or an opportunity to be heard. Instead, she objects to the orders and judgments of this Court, along with their legal effects, while those orders and judgments are pending on appeal in the appropriate cases. Plaintiff's allegations and arguments must be made in those cases as they proceed.

This case seeks to relitigate the same parties and issues that have already been litigated in this Court and on appeal. It is an attempt to collaterally attack earlier filed civil cases where no colorable or plausible legal basis for such a claim has been identified in the Complaint, in the Proposed First Amended Complaint, or in the briefing related to any of the motions addressed here.

In opposition to Plaintiff's request for leave to amend, the Government raises res judicata as an additional ground for futility. (*Amend Oppo.* [Doc. 28] at 5–6.) Shaedler-Moore replies that res judicata does not bar amendment. (*Amend Reply* [Doc. 29] at 5–6.) Schaedler-Moore objects that the Proposed Amended Complaint is not futile and that res judicata does not bar her proposed allegations because the,

> [P]roposed First Amended Complaint does not simply re-plead the same quiet-title theory rejected in 0978. It targets the 2023 reopen/substitute/renew sequence in 0551 and its downstream use against Plaintiff's home, alleges that Plaintiff had no meaningful avenue to challenge that sequence in the issuing docket because her filing there was struck when she was told she was 'not a party,' and alleges that 0978 proceeded while assuming the validity and usability of 0551 rather than providing a substitute forum to test the issuing-docket defect. The current proposed amendment is also temporally and procedurally narrower because it challenges the post-2023 reopen/substitute/renew sequence and the nonparty lockout in 0551 as applied to Plaintiff's home, rather than asking this Court to re-decide every prior lien-attachment issue in the abstract.

(*Amend Reply* at 6; *see also Proposed FAC* ¶ 2.)

To the extent Plaintiff attempts to allege a due process claim against the United States for failing to ensure her a "meaningful avenue to challenge that sequence in the issuing docket" or to "provid[e] a substitute forum to test the issuing-docket defect," no legal authority for such a claim is provided in the pleadings or in Schaedler-Moore's briefing. (*Id.*) Amendment would be futile because neither the operative pleading nor the Proposed First Amended Complaint alleges facts beyond a collateral challenge to past proceedings and no theory that would permit additional facts to flesh out a due process claim against this Defendant. Plaintiff identifies no authority by which a due process

claim permits a challenge to judicial orders and judgments from earlier, related cases on grounds that those orders and judgments were incorrectly decided. Plaintiff argues she is challenging procedural deficiencies in the Tax Liability Case and argues that this sufficiently states a due process claim only as to herself and her property. (*Amend Reply* at 6; *see also Proposed FAC* ¶ 2.) But she alleges that this lawsuit "is an independent action under Fed. R. Civ. P. 60(d)(1) to relieve Plaintiff from orders entered in 3:03-CV-00551-W-RBB [] that are being used to foreclose on her home in 3:24-CV-00978-W-AHG []." (*Compl't* at 1; *Proposed FAC* at 1.) The process Schaedler-Moore describes is an appeal, and her appeals are pending in each of those prior cases.

Plaintiff's allegations regarding a due process violation do not constitute a well pleaded cause of action over which the Court may exercise federal question jurisdiction or which state a plausible claim for the requested relief against the United States. The material amendment in the Proposed First Amended Complaint is the addition of this allegation: "Plaintiff challenges the federal procedural and constitutional use of federal tax-lien and judgment-lien enforcement machinery against her property. Sovereign immunity is waived for this narrow property-affecting action under 28 U.S.C. § 2410(a)(1), because the United States claims lien-based interests against the real property []." (*Prop. FAC* [Doc. 27-3] at ¶ 2.) She alleges this case "challenges only the procedural use of the 2023 reopen/substitute/renew sequence in [the Tax Liability Case] and the downstream use of that sequence against Plaintiff's home." (*Id.*)

Arguably, this amendment clarifies that Plaintiff's claim is one for procedural due process, but it remains an insufficiently alleged and implausible claim because no facts connect the conduct of Defendant to the bare statements of deprived process and no facts state what procedural protections were owed and denied to Plaintiff by Defendant. *See Brewster*, 149 F.3d at 982. Moreover, because the remedies Plaintiff seeks are for amendment or vacatur of orders and judgments she has appealed, the process due

Plaintiff on those matters continues there and cannot also be litigated in parallel in a new lawsuit here.[3]

As explained above, this allegation fails to allege sufficient facts to plausibly allege either a procedural due process claim or a substantive due process claim. *See Brewster*, 149 F.3d at 982; *Squaw Valley Dev. Co.*, 375 F.3d at 948; *Marsh*, 680 F.3d at 1154. For those reasons, the Proposed First Amended Complaint does not survive the test for futility of amendment.

**3. Additionally, Res Judicata Precludes a Quiet Title Claim**

As stated above, the Government opposes leave to amend on grounds that res judicata renders amendment futile. The Court agrees to the extent the pleading attempts to set forth a claim for quiet title under 28 U.S.C. § 2410. "Res judicata applies when [an] earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (internal quotation omitted).

In the Foreclosure Case, Schaedler-Moore previously brought an action to quiet title against the United States under 8 U.S.C. § 2410, seeking to invalidate the liens affecting the Property. (*Schaedler-Moore Counterclaim* [Doc. 6] ¶¶ 22, 54–60 in 24-CV-

---

[3] The Government did not raise the defense of improper claim splitting in addition to res judicata, but the doctrine further demonstrates futility to permit the proposed amendment or any further amendment of claims for the relief Plaintiff seeks here. In its discretion, a court may dismiss a duplicative second case with prejudice to prevent piecemeal litigation. *Adams v. Cal. Dep't of Health Set-vs.*, 487 F.3d 684, 694 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008). Generally, a plaintiff may not file a second complaint and "maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 688 (citation omitted). To "determine whether a suit is duplicative, [courts] borrow from the test for claim preclusion." *Id.* A second case is duplicative of one previously filed by the party where "the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689. Even liberally construing a pro se plaintiff's complaint under Rule 12(b)(6), a district court does not err in dismissing a duplicative complaint where, as here, improper claim splitting has occurred. *See Patten v. Clark*, 623 Fed. App'x. 889, 890 (9th Cir. 2015).

978.) The parties to that lawsuit and this one, with respect to the quiet title counterclaim, are the same.

There, she challenged foreclosure against the Property under the Government's tax liens and judgment lien. (*Id.* ¶¶ 25–29, 54–60.) The Proposed First Amended Complaint identifies the quiet title statute, 28 U.S.C. § 2410, and seeks to "Vacate, release, or expunge the November 29, 2023 Abstract of Judgment to the extent it is invoked or enforced against Plaintiff or her property" and to "Enjoin the United States from relying upon or enforcing the 0551 renewal/substitution/abstract sequence against Plaintiff or her property in 3:24-cv-00978 unless and until its validity and enforceability as to Plaintiff are adjudicated with due process." (*Proposed FAC* at 5, §§ B, C; *see also Compl't* at 4, §§ B, C.) The lawsuits involve the same claim, to the extent Plaintiff attempts here to state a claim under § 2410, which she does not appear to do.

In the Foreclosure Case, the Court concluded that Plaintiff had record notice of the NFTLs on the Property and entered judgment for the Government. The Court reached a final judgment on the merits of Schaedler-Moore's counterclaims. In federal court, a judgment is final for purposes of res judicata even while, as here, an appeal is pending in the earlier filed lawsuit. *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006) (citing *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1135 n.2 (9th Cir. 2001); *Eichman v. FotoMap Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985)).

Accordingly, res judicata bars Plaintiff's reassertion of those counterclaims in this lawsuit, and amendment of any § 2410 claim challenging the tax liens or judgment lien on the Property is futile on that basis also.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's application to consolidate consideration of the Government's motion to dismiss with her motion for leave to file a First Amended Complaint. (Doc. 27.)

Because the Court lacks subject matter jurisdiction over the claims and Schaedler-Moore has not demonstrated an unambiguous waiver of sovereign immunity on the face of a well-pleaded complaint, the Court **GRANTS** the Government's motion to dismiss, (Doc. 20), and on grounds of futility the Court **DENIES** leave to file the Proposed First Amended Complaint, (Doc. 18).

Plaintiff proceeds pro se and has failed twice to sufficiently allege a violation of her constitutional due process rights by the United States. Her allegations in the operative Complaint and in her Proposed First Amended Complaint are insufficient as explained above. The Court does not lightly deny any further attempt to amend this due process claim even when the claim is implausible, as here. However, in this unusual circumstance, amendment would be futile because Plaintiff cannot factually connect the alleged due process wrongs to her rights or to the conduct or omission of Defendant. As Plaintiff herself explains, this lawsuit "is an independent action under Fed. R. Civ. P. 60(d)(1) to relieve Plaintiff from orders entered in 3:03-CV-00551-W-RBB [] that are being used to foreclose on her home in 3:24-CV-00978-W-AHG []." (*Compl't* at 1; *Proposed FAC* at 1.)

For all the foregoing reasons, Plaintiff cannot allege additional facts that would state a colorable due process claim against the United States that would result in the relief she requests to alter orders in prior cases she appealed. Her requested relief is for the vacatur, release, or expungement of the Foreclosure Case judgment as against herself or her property and to preclude the United States from relying upon or enforcing the orders of this Court from the Tax Liability Case as against Plaintiff or her Property. As to all claims in the operative Complaint and the Proposed First Amended Complaint, amendment would be futile as explained above. As such, further leave to amend her complaint is also **DENIED**.

//

//

//

All other pending motions are **DENIED WITHOUT PREJUDICE AS MOOT**. The Clerk is instructed to close the case.

Dated: November 24, 2026

Hon. Thomas J. Whelan
United States District Judge